IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TOBY GRIST,<br>　　*Plaintiff*,<br><br>v.<br><br>TRAVIS COUNTY, TEXAS,<br>ANTHONY CARDINAL,<br>OSVALDO HERNANDEZ,<br>ANTONIO SERNA,<br>RICHARD MARTINEZ,<br>ALEXANDER ANTILLON,<br>AND SGT. JAMES THOMAS,<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§  　　Civil Case No. 1:21-CV-00886 |

**DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS – AUSTIN DIVISION**

# EXHIBIT A

Plaintiff's Original Petition

Toby Grist vs. Travis County, Texas, Anthony Cardinal, Osvaldo Hernandez, Antonio Serna, Richard Martinez, Alexander Antillon. Sgt. James Thomas

D-1-GN-21-004499
In the 200th Judicial District Court
Travis County, Texas

August 30, 2021

8/30/2021 10:32 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-21-004499
Chloe Jimenez

CAUSE NO. D-1-GN-21-004499

| | | |
|---|---|---|
| **TOBY GRIST,** | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | TRAVIS COUNTY, TEXAS |
| **TRAVIS COUNTY, TEXAS, ANTHONY CARDINAL, OSVALDO HERNANDEZ, ANTONIO SERNA, RICHARD MARTINEZ, ALEXANDER ANTILLON AND SGT. JAMES THOMAS,** | § § § § § § | |
| Defendants. | § § | 200TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff, **TOBY GRIST**, files this original petition against Defendants, Travis County, Texas, Anthony Cardinal, Osvaldo Hernandez, Antonio Serna, Richard Martinez, Alexander Antillon and Sgt. James Thomas, and alleges as follows:

### I.
### DISCOVERY CONTROL PLAN AND RELIEF

1. Plaintiff intends that discovery be conducted under Discovery Level 3 of the Texas Rule of Civil Procedure 190 and affirmatively pleads that this suit is not governed by the expedited-actions process in TEXAS RULE OF CIVIL PROCEDURE 169 because Plaintiff seeks monetary relief over $250,000.

2. Plaintiff seeks monetary relief over $1,000,000.

### II.
### PARTIES

3. Plaintiff, Toby Grist, brings this wrongful-death action as the parent of Tyler Allen Grist, decedent. Plaintiff is an individual who resides in Collin County, Texas. Decedent, Tyler Allen Grist, at the time of death, was a resident of Travis County, Texas.

PLAINTIFF'S ORIGINAL PETITION - Page 1

EXHIBIT A

4.  Defendant, Travis County, Texas is a Texas County. Travis County, Texas can be served with process by serving its County Judge, Andy Brown, at 700 Lavaca. Suite 2300, Austin, Texas 78701, or wherever Honorable Judge Andy Brown may be found.

5.  Defendant, Anthony Cardinal, an individual resident of Texas, may be served with process at his place of employment of Travis County Correctional Complex, 3614 Bill Price Road, Del Valle, TX 78617, or wherever Anthony Cardinal may be found.

6.  Defendant, Osvaldo Hernandez, an individual resident of Texas, may be served with process at his place of employment of Travis County Correctional Complex, 3614 Bill Price Road, Del Valle, TX 78617, or wherever Osvaldo Hernandez may be found.

7.  Defendant, Antonio Serna, an individual resident of Texas, may be served with process at his place of employment of Travis County Correctional Complex, 3614 Bill Price Road, Del Valle, TX 78617, or wherever Antonio Serna may be found.

8.  Defendant, Richard Martinez, an individual resident of Texas, may be served with process at his place of employment of Travis County Correctional Complex, 3614 Bill Price Road, Del Valle, TX 78617, or wherever Richard Martinez may be found.

9.  Defendant, Alexander Antillon, an individual resident of Texas, may be served with process at his place of employment of Travis County Correctional Complex, 3614 Bill Price Road, Del Valle, TX 78617, or wherever Alexander Antillon may be found.

10. Defendant, Sgt. James Thomas, an individual resident of Texas, may be served with process at his place of employment of Travis County Correctional Complex, 3614 Bill Price Road, Del Valle, TX 78617, or wherever Sgt. James Thomas may be found.

### III.
### JURISDICTION AND VENUE

11. The subject matter in controversy is within the jurisdictional limits of this court. Plaintiff

is damaged in an amount exceeding the minimum jurisdictional limits of this Court, for which he now seeks judgment against Defendants.

12. This court has jurisdiction over the parties because Defendants are a Texas residents. Venue is proper in Travis County in this cause under Section 15.002(a)(1) of theTEXAS CIVIL PRACTICE AND REMEDIES CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county. Therefore, venue is proper in Travis County, Texas.

## IV.
## FACTS

13. On or about July 13th, 2019, Tyler Allen Grist was arrested in Travis County, Texas and taken to the Travis County Correctional Complex, 3614 Bill Price Road, Del Valle TX, 78617.

14. During his confinement at The Travis County Correctional Complex, it was evident that he was suffering from emotional and mental distress.

15. The Travis County Correctional Complex completely failed to follow the procedures and protocols required of to protect such high-risk inmates as required by Texas Law.

16. On or about August 29th 2019 Tyler Allen Grist was transported to the hospital as he was not responding during a medical interview. During his stay he clearly communicated his intent to harm himself.

17. On or about August 30th, 2019 Tyler Allen Grist was transported back to The Travis County Correctional Complex and was placed on suicide watch.

18. While Tyler Allen Grist was in custody throughout which several employees witnessed Tyler Allen Grist suffering from some sort of malady which any objectively reasonable officer would have known required some sort of medical attention.

19.     Upon re-entering The Travis County Correctional Complex, Tyler Allen Grist was placed in a cell equipped with CCTV and required health checks required to be conducted every 15 minutes.

20.     On August 31st, 2019 while under supervision of employees of The Travis County Correctional Complex Tyler Allen Grist inflicted injuries upon himself that eventually lead to his death 6 days later.

21.     With the CCTV system, the actions of Tyler Allen Grist were likely viewed, but no action was taken to provide medical assistance for nearly 2 hours.

22.     Following his actions, staff conducted numerous heath checks, but did nothing to notify medical staff, even though any reasonably trained officer would have recognized his grave condition.  This lack of attention is inexcusable.

23.     When medical staff was called to assist, the medical staff did not act in an urgent or prudent manner, which contributed to his death.

24.     The employees of the Travis County Correctional Complex who came in contact with Tyler Allen Grist did, in fact, recognize that Tyler Allen Grist was in grave condition, but did not act in a manner that could have, and likely would have, saved his life. Their lack of concern and lack of action is egregious and rises to the level of deliberate indifference.

25.     The Travis County Correctional Complex did not give any physical or medical treatment to Tyler Allen Grist which directly caused his unnecessary death.

26.     Plaintiff, Toby Grist is the surviving parent of Tyler Allen Grist.

27.     This factual basis is not meant to be exhaustive and Plaintiff makes these allegations upon the information made available to him and his reasonable belief. Plaintiff reserves the right to amend/supplement this factual scenario.

## V.
## CAUSES OF ACTION

28. The Plaintiff is the surviving parent of Tyler Allen Grist, Decedent.

29. Decedent died as a result of Defendants' wrongful conduct.

30. Decedent would have been entitled to bring this action against Defendants if Decedent had lived.

**Count 1 - Wrongful-Death Action - Negligence**

31. The facts, as set out above, show that Defendants' wrongful conduct support a negligence claim for which all Defendants are jointly and severally liable.

32. The Defendants owed the Decedent a duty of care. Specifically, the Defendants had a legal obligation to provide medical care to the Decedent.

33. The Defendants breached that duty by denying the Decedent any medical care.

34. The breach of this duty proximately caused the death of the Decedent. The decedent died from injuries while incarcerated at the Travis County Correctional Complex without any treatment by the officials and/or employees of the Travis County Correctional Complex.

**Count 2 - Fourteenth Amendment Due Process Claims Pursuant to Title 42 U.S.C. §1983**

35. The facts, as set out above, relating to the excessive use of force/failure to protect Tyler Allen Grist demonstrates a violation of Decedent's rights under the Due Process Clause of the Fourteenth Amendment as guaranteed under the United States Constitution for which redress is provided by 42 U.S.C. §1983. Defendants are jointly and severally liable.

36. The Defendants failed to protect the Decedent in a manner in which was objectively unreasonable irrespective of the officers' subjective belief.

37. Defendants' wrongful acts and omissions were wanton, malicious and done with the specific intent to deprive Tyler Allen Grist of his rights rendering appropriate the award of punitive damages.

**Count 3 - Title 42 U.S.C. §1983 Claim Against Individual Defendants ("Natural Born") for Violating Fourteenth Amendment Due Process Right to Reasonable Medical Care**

38. The facts, as set out above, relating to the denial of medical care on Decedent demonstrates a violation of his Fourteenth Amendment Rights as guaranteed under the United States Constitution for which redress is provided by 42 U.S.C. §1983 to the Plaintiff as the Decedent's surviving parent.

39. The Individual Defendants, Anthony Cardinal, Osvaldo Hernandez, Antonio Serna, Richard Martinez, Alexander Antillon and Sgt. James Thomas, or any other jailer or personnel at the Travis County Correctional Complex acted willfully, deliberately, maliciously, or with reckless disregard for the Plaintiff's Constitutional Rights.

37. Individual Defendants are jointly and severally liable in their personal/individual capacity.

38. The Individual Defendants each acted under the color law at all times relevant to this petition.

40. All Individual Defendants ignored Mr. Grist's obvious serious medical needs, and they were deliberately indifferent to those needs. They failed to protect Mr. Grist, and their ignoring and/or making fun of him, as well as other actions and/or inaction described in this pleading, resulted in unconstitutional punishment of him.

41. All Individual Defendants were aware of the excessive risk to Mr. Grist's health and safety and were aware of facts from which an inference could be drawn of serious harm and death.

42. All Individual Defendants' conduct was objectively unreasonable at all times relevant to this suit.

**Count 4 - Title 42 U.S.C. §1983 Claim for State Wrongful Death and Survival Statutes**

43.     Plaintiff is the surviving heir at law. Plaintiff, Toby Grist, brings this wrongful death and survival action because of injuries suffered by the Decedent resulting in Decedent's wrongful death based upon the facts and legal theories more fully set out above. Plaintiff is suing in all capacities in which he is entitled to recover.

44.     Plaintiff, Toby Grist, individually, and as representative of the Estate of Tyler Allen Grist, seeks all remedies and damages available under Texas and federal law, including but not necessarily limited to the Texas wrongful death statute, the Texas survival statute, the Texas Constitution, common law, and all related and/or supporting case law.

## VI.
## DAMAGES

45.     If Tyler Allen Grist had lived would have been warranted to bring all of the aforementioned causes of action and obtained remedies and damages by Texas law and Federal Law.

46.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Toby Grist, seeks recovery for the following damages:

   a. Mr. Grist's physical pain and suffering;

   b. Mr. Grist's Mental anguish;

   c. Mr. Grist's Funeral expenses;

   d. Mr. Grist's Medical expenses;

   e. Mr. Grist's healthcare provider or other liens that may exist as a result of this incident and;

   f. Exemplary/Punitive Damages.

47.     Plaintiff seeks unliquidated damages within the jurisdictional limits of this court. Plaintiff would further state that the relief sought is pursuant to Texas Rule Civil Procedure 47(c)(5).

Plaintiff, Toby Grist seeks the damages for the wrongful death of his son, Tyler Allen Grist. Those damages were caused and/or proximately caused by the Individual (natural person) Defendants. Therefore, their actions caused, Plaintiff Toby Grist, for which he seeks compensation:

- Loss of services that Plaintiff Toby Grist would have received from his son, Tyler Allen Grist;

- Expenses for Mr. Grist's funeral;

- Past mental anguish and emotional distress suffered by Toby Grist resulting from and caused by the death of his son, Tyler Allen Grist;

- Future mental anguish and emotional distress suffered by Toby Grist resulting from and caused by the death of his son, Tyler Allen Grist;

- Loss of companionship and society that Toby Grist would have received from the death of his son, Tyler Allen Grist; and

- Exemplary/punitive damages.

## VII.
## **CONDITIONS PRECEDENT**

48. All conditions precedent to this filing of this case have been performed or have occurred. To the extent not fulfilled, same are futile, waived, or Defendants estopped from asserting same.

## VIII.
## **PRAYER**

49. For these reasons, Plaintiff asks that Defendants be cited to appear and answer, and that Plaintiff have judgment for damages within the jurisdictional limits of the court and against all Defendants, jointly and severally, as legally applicable, for all damages referenced above in this pleading and:

- a. Actual damages of and for Toby Grist, individually and as Mr. Grist's heir, including but not necessarily limited to:

    i. Expenses for Mr. Grist's funeral;

    ii. Loss of services that Plaintiff Toby Grist would have received from his son, Mr. Grist;

    iii. Expenses for Mr. Grist's funeral;

    iv. Past mental anguish and emotional distress resulting from and caused by the death of his son, Tyler Allen Grist;

    v. Future mental anguish and emotional distress resulting from and caused by the death of his son, Tyler Allen Grist;

    vi. Loss of companionship and society that Toby Grist would have received from the death of his son, Tyler Allen Grist; and

    vii. Mr. Grist's conscious pain and suffering;

- b. Exemplary/punitive damages, from the Individual Defendants;

- c. Reasonable and necessary attorneys' fees through trial and any appeals and other appellate proceedings, pursuant to 42 U.S.C. §§ 1983 and 1988;

- d. Court costs and all other recoverable costs;

e. Prejudgment and postjudgment interest at the highest allowable rates; and

f. All other relief, legal and equitable, general and special, Plaintiff is entitled.

Respectfully submitted,

/s/ Frank R. Hughes
Frank R. Hughes, III
SB# 10236500
P.O. Box 8145
Greenville, TX 75404-8145
903-456-2703
Email: fhughes@frankhugheslaw.com