UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TOBY GRIST,<br>*Plaintiff*<br><br>v.<br><br>TRAVIS COUNTY, TEXAS,<br>ALEXANDER ANTILLON,<br>ANTHONY CARDINAL,<br>ANTONIO SERNA, JAMES<br>THOMAS, OSVALDO<br>HERNANDEZ, RICHARD<br>MARTINEZ,<br>*Defendants* | No. A-21-CV-00886-LY |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Anthony Cardinal, Osvaldo Hernandez, Antonio Serna, Richard Martinez, Alexander Antillon, James Thomas and Travis County, Texas's ("Defendants") motion to dismiss, Dkt. 4; and all related briefing. After reviewing these filings and the relevant case law, the undersigned issues the following report and recommendation.

## I.   BACKGROUND

Plaintiff Toby Grist, parent of decedent Tyler Allen Grist, initiated this lawsuit after his son died from self-inflicted wounds while confined at the the Travis County Correctional Facility. Dkt. 1-1, at 4-5. Tyler Allen Grist was arrested in July 2019, and placed on suicide watch after he communicated his intent to harm himself during

1

a medical interview. *Id.* at 4. As part of the suicide watch, Tyler Allen Grist was placed in a cell equipped with closed-circuit television camera, and health checks were supposed to be conducted every 15 minutes. *Id.* at 5. Nonetheless, Tyler Allen Grist inflicted injuries on himself that ultimately led to his death. *Id.*

Toby Grist alleges that the "Travis County Correctional Complex completely failed to follow the procedures and protocols required of to protect [] high-risk inmates as required by Texas Law." *Id.* at 4. For example, Toby Grist contends that "several employees witnessed Tyler Allen Grist suffering from some sort of malady," but did not "provide medical assistance for nearly 2 hours." *Id.* at 4-5. The Travis County Correctional Complex's failure to provide "physical or medical treatment to Tyler Allen Grist," the complaint alleges, "directly caused his unnecessary death." *Id.* at 5.

Toby Grist brings four claims against Defendants for negligence, wrongful death, and for violations of Tyler Allen Grist's Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983. *Id.* at 6-8. Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim. Dkt. 4. Toby Grist responded to the motion to dismiss,[1] Dkt. 11, and Defendants filed a reply, Dkt. 14. The undersigned will address the parties' arguments below.

---

[1] In his response, Grist indicated that while he "might disagree with the various reasons for dismissal of his state law claims, he is nonetheless forgoing any such state-law claims (against any defendants) at this time." Dkt. 11, at 2. The undersigned will thus recommend that the District Court grant Defendants' motion to dismiss with regard to Grist's state law claims, and dismiss those claims without prejudice.

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities,*

*Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

Defendants move to dismiss Grist's Section 1983 claims[2] against Travis County and the individual defendants in their official capacities, arguing that Grist has failed to identify a "policy [that] was the moving force behind his or decedent's constitutional deprivations." Dkt. 4, at 4 (citing *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018)). In his response, Grist insists that he has properly pleaded his claims against Travis County and clarifies that his complaint only seeks to hold the individual defendants liable in their individual capacities. Dkt. 11, at 2. Grist also requests leave to amend his complaint to correct any "perceived deficiencies." *Id.* at 11-12.

---

[2] Defendants moved to dismiss Grist's Fourth and Fourteenth Amendment claims, Dkt. 4, at 1, yet Grist's complaint, while mentioning "excessive force," does not explicitly state that any of his claims are brought under the Fourth Amendment. *See* Dkt. 1-1, at 6-8.

To state a § 1983 clam against a municipality, a plaintiff must allege that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right. *Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 204 (5th Cir. 2020) (citing *Hicks-Fields v. Harris Cnty.*, 860 F.3d 803, 808 (5th Cir. 2017)). The first prong, an official policy or custom, can either be proved through "a policy statement formally announced by an official policymaker" or a "persistent widespread practice of [county] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010).

Here, Grist did not identify an official Travis County policy, but instead alleges that the failure to "follow the procedures and protocols required to protect [] high-risk inmates" caused Tyler Allen Grist's death. Dkt. 1-1, at 4. Grist thus appears to bring a failure-to-train claim against Travis County, though it is unclear from his complaint. *See id.* To the extent Grist's Section 1983 claims hinge on Travis County's failure to train its employees to properly monitor and provide medical care to Tyler Allen Grist, Grist has failed to properly plead such a claim. *See id.*; *Estate of Davis ex rel. McCully v. City of N. Richland Hills,* 406 F.3d 375, 381-82 (5th Cir. 2005) (elements of a claim for failure to train or supervise are: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiffs' rights; and

(3) the failure to train or supervise amounts to deliberate indifference to the constitutional right allegedly violated).

In his complaint, Grist alleges that "any reasonably trained officer would have recognized [Tyler Allen Grist's] grave condition" required prompt medical condition, yet fails to allege "facts capable of showing that [a] supervisor had notice of a pattern of prior acts fairly similar to what ultimately transpired, and despite that notice failed to train or supervise; or that the highly predictable consequence of [the] failure to train or supervise would result in injury to [decedent]." Dkt. 1-1, at 5; *Khansari v. City of Houston*, 14 F. Supp. 3d 842, 865 (S.D. Tex. 2014). There are no allegations here that Travis County did not train or supervise the individual defendants, or was aware of any other cases involving deliberate indifference to inmates on suicide watch. *See* Dkt. 1-1.

Instead, Grist merely alleges that Travis County's "deliberate indifference" led to Tyler Allen Grist's death, and that "a reasonably trained officer" would have prevented his self-inflicted injuries from resulting in his death. Dkt. 1-1, at 5. Such allegations are not sufficient to state a claim for failure to train or supervise against Travis County. *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 285 (5th Cir.), *cert. denied*, 141 S. Ct. 376, 208 L. Ed. 2d 97 (2020) (conclusory allegation that "'a deficiency in training actually caused [the defendants] to violate [the plaintiff's] constitutional rights' ... does not state a claim for relief and warrants dismissal under Rule 12(b)(6)"); *see City of Canton, Ohio v. Harris,* 489 U.S. 378, 392 (1989) ("In virtually every instance where a person has had his or her constitutional rights

violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident.").

Accordingly, Defendants' motion to dismiss the Section 1983 claims asserted against Travis County should be granted. The undersigned, however, recommends granting Grist leave to amend his complaint as to his Section 1983 claims. *See Chavez v. Alvarado*, No. CV H-21-867, 2021 WL 3089289, at *14 (S.D. Tex. July 22, 2021) (granting leave to amend Section 1983 claims).

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's motion to dismiss, Dkt. 4. Specifically, Grist's state law claims should be dismissed without prejudice. The undersigned **FURTHER RECOMMENDS** that Grist be granted leave to amend his complaint as to his Section 1983 claims within fourteen days of the adoption of this report and recommendation.

**IT IS FURTHER ORDERED** that this case is **REMOVED** from the docket of the undersigned and **RETURNED** to the docket of the Honorable Lee Yeakel.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed

findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED December 21, 2021.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATGE JUDGE